*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KENYON BAILEY,

       Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 360565
Wayne Circuit Court
LC No. 17-004208-01-FC

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

As part of his criminal sentence, the trial court ordered defendant Kenyon Bailey to pay $1,300 in court costs. Bailey challenges the constitutionality of the statute that authorizes imposing these costs, MCL 769.1k(1)(b)(*iii*). Because Bailey's argument is foreclosed by binding precedent, we affirm.

## I. BACKGROUND

For purposes of this appeal, a brief summary of the facts is sufficient. Bailey was convicted of second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony for "murdering the drug dealer who reportedly sold him poor quality narcotics." *People v Bailey*, 330 Mich App 41, 44; 944 NW2d 370 (2019). The trial court sentenced Bailey to lengthy terms of imprisonment and ordered him to pay $1,300 in court costs. On direct appeal, this Court affirmed his convictions, but vacated his sentences and remanded for resentencing and recalculation of jail credit. *Id*.

At resentencing, a new trial court judge imposed the same terms of imprisonment and ordered the same payment of court costs as at the original sentencing.[1] Bailey then moved to

---

[1] Although the amended judgment of sentence does not reflect the imposition of court costs, the trial court noted on the record that it was ordering Bailey to pay $1,300 in court costs, with credit for any payments that had already been made. Bailey also attached a transaction summary to his

correct his sentence, arguing that the $1,300 in court costs should be vacated because MCL 769.1k(1)(b)(*iii*) is unconstitutional. The trial court, bound by this Court's decision in *People v Johnson*, 336 Mich App 688; 971 NW2d 692 (2021) (*Johnson I*), denied his motion. Bailey now appeals this ruling.

## II. ANALYSIS

Bailey argues that his court costs should be vacated because MCL 769.1k(1)(b)(*iii*) violates due process and the separation of powers.

MCL 769.1k(1)(b)(*iii*) permits the trial court to impose:

Until May 1, 2024, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

Under this statutory authority, the trial court ordered Bailey to pay $1,300 in court costs.

Bailey argues that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. He contends that the statute violates the due process rights of criminal defendants because it prevents them from appearing before a neutral and impartial judge. The statute creates a direct conflict of interest, Bailey adds, because judges have a financial incentive to convict defendants in order to assess court costs and generate revenue for their courts. Bailey also argues that MCL 769.1k(1)(b)(*iii*) violates the separation of powers because the Legislature forced a funding system on the judiciary that interferes with its ability to maintain impartiality in criminal proceedings.

We review de novo questions of constitutional law, meaning we evaluate the issues independently and owe no deference to the trial court's decision. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). In this case, our independent review of the constitutional issues is straightforward because binding precedent of this Court forecloses Bailey's constitutional challenge. In *Johnson I*, 336 Mich App at 692-704, this Court held that MCL 769.1k(1)(b)(*iii*) did not deprive criminal defendants of their due process right to appear before an impartial judge. This Court also rejected the argument that MCL 769.1k(1)(b)(*iii*) violates the separation of powers by preventing the judicial branch from carrying out its obligation to maintain impartiality in criminal proceedings. *Id*. at 704-705. Our Supreme Court initially granted the defendant's application for leave to appeal to review the constitutional issues decided in *Johnson I*. *People v Johnson*, 509

---

brief on appeal, which indicates that the Michigan Department of Corrections has been collecting payment on Bailey's court costs through his prisoner account.

Mich 1094 (2022) (*Johnson II*), vacated by 511 Mich 1047 (2023) (*Johnson III*).  When Bailey filed his brief in this appeal, the Supreme Court's review of *Johnson I* was pending.  But as Bailey is likely now aware, the Supreme Court has since vacated its order in *Johnson II* and denied leave to appeal, leaving *Johnson I* undisturbed.  *Johnson III*, 511 Mich at 1047.  Under MCR 7.215(J)(1), "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court . . . ."  We therefore remain bound by *Johnson I* and its rejection of the facial constitutional challenges raised by Bailey in this case.[2]  Accordingly, the trial court did not err by denying Bailey's motion to vacate his court costs.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

---

[2] This Court left open the possibility that a defendant could present a successful as-applied challenge to the constitutionality of MCL 769.1k(1)(b)(*iii*), *Johnson I*, 336 Mich App at 691, but Bailey does not raise such a challenge.